UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:11-CV-45-KKC

DARRELL WILLIAMS
and NATHAN WILLIAMS                                                        PLAINTIFFS

v.                          **MEMORANDUM OPINION AND ORDER**

THC KENTUCKY COAL VENTURE I LLC
and PHAEDRA SPRADLIN
                                                                          DEFENDANTS

* * *   * * *   * * *   * * *

This matter is before the Court on Defendant THC Kentucky Coal Venture I LLC's ("THC") motion to dismiss [DE 12 & 13] the pro se Plaintiffs' Complaint. [DE 1]. This motion has been fully briefed and is ripe for a decision. For the reasons set forth below, the Court will **GRANT** the Defendant's motion to dismiss. The Plaintiffs' motion for judgment on the pleadings and motion for summary judgment [DE 17] is now MOOT.

I.      **BACKGROUND**

On March 31, 2011, the Plaintiffs Darrell and Nathan Williams filed a pro se Complaint for Declaratory Judgment Holding Bankruptcy Court Judgment Void for Lack of Subject Matter Jurisdiction and Other Substantive Reasons.

This dispute has a long and complicated history that originates in the still ongoing bankruptcy proceedings of Alma Energy, LLC. [*In re Alma Energy, LLC*, Case No. 07-70370, (Bankr. E.D. Ky.)]. For purposes of this opinion, only a brief summary of the relevant facts is necessary. In August 2007, Alma Energy, LLC ("Alma") filed for Chapter 11 bankruptcy and on

May 20, 2009 the case was converted to a Chapter 7 bankruptcy. [DE 1, Compl. p. 4–5]. Phaedra Spradlin was appointed as the Chapter 7 Trustee. The Trustee entered into a settlement agreement with THC in which THC received an outright assignment of all claims of the Alma bankruptcy estate against certain individuals, including the Plaintiffs. [DE 15 p. 4, DE 13-1 p. 3].

Acting pursuant to the authority granted from the Trustee, THC commenced an adversary proceeding against a number of parties, including the Plaintiffs. [Case No. 09-7005, (Bankr. E.D. Ky.)] On October 28, 2010, THC and the Plaintiffs settled the adversary proceeding through a formal settlement agreement (the "Settlement Agreement"). [DE 13-1]. The Settlement Agreement contains a forum-selection clause that states, "[a]ny action brought concerning any dispute or breach of this agreement shall be brought only in the Circuit Court for Montgomery County, Maryland, or the United States District Court for the District of Maryland." [DE 13-1 p.8 para. 13].

Pursuant to the Settlement Agreement, the parties entered into a Consent Judgment in the Bankruptcy Court which was approved and entered by the Bankruptcy Court on November 1, 2010. [DE 13 p. 3, Bankr. DE 398]. THC alleges that the Plaintiffs breached the Settlement Agreement, and consistent with the terms of the Settlement Agreement, filed suit in the Circuit Court for Montgomery County, Maryland. [DE 13 p. 3]. Shortly after, the Plaintiffs filed a Rule 60(b) motion in the Bankruptcy Court seeking relief from the Consent Judgment. [DE 1 p. 7]. The Bankruptcy Court has not ruled on the Rule 60(b) motion.

On March 31, 2011, the Plaintiffs, pro se, filed this action seeking a declaration that the bankruptcy court lacked subject matter jurisdiction over the adversary proceedings, the Settlement Agreement and the Consent Judgment. [DE 1]. The Defendant filed a motion to dismiss arguing that the Plaintiffs failed to state a claim upon which relief can be granted, service

2

of process was insufficient, and venue is improper. [DE 13]. The pro se Plaintiffs' responded

[14] and filed a Motion for Judgment on the Pleadings & Motion for Summary Judgment [DE

17] to which the Defendant responded. [DE 18].

## II.   ANALYSIS

The Defendant's motion to dismiss presents a number of possible grounds for dismissal.

However, because this Court concludes that the case should be dismissed for lack of proper

venue, the Court will not address other issues raised in Defendants' papers.

### A. The Forum-Selection Clause

The Settlement Agreement contains a "Consent to Jurisdiction" paragraph that states

"[a]ny action brought concerning any dispute or breach of this Agreement shall be brought only

in the Circuit Court for Montgomery County, Maryland, or the United States District Court for

the District of Maryland." [Settlement Agreement p. 9 para. 13, DE 13-1]. All parties were

represented by counsel in the negotiations of the Settlement Agreement. [DE 13-1 para. 15(iii)].

In the Settlement Agreement, the parties consented to personal jurisdiction in the Circuit Court

for Montgomery County, Maryland, or the United States District Court for the District of

Maryland. [DE 13-1 para. 13]. During the pendency of the instant motion, the parties have been

involved in litigation over the Settlement Agreement in the Circuit Court for Montgomery

County, Maryland.  [DE 13 p. 3, Case no. 341658V, the "Maryland Civil Action"). THC

obtained a default judgment against, *inter alia*, Darrell and Nathan Williams. The Plaintiffs have

participated in the Maryland Civil Action by filing an answer [DE 13 p. 3] and retained counsel

in an attempt to vacate the default judgment. The court denied the motion to vacate. In the instant

action, THC moves to dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(3) for

improper venue based on the forum-selection clause in the Settlement Agreement.

3

**B. Legal Status of Forum-Selection Clauses**

Forum-selection clauses control venue absent a showing that enforcement would be "unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Forum-selection clauses are commonplace in modern day contract law as "parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 14 (1985). Further, contracting parties "may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964).

A party may enforce a forum-selection clause through a motion to dismiss, and the district court may enforce a forum-selection clause through dismissal. *Langley v. Prudential Mortg. Capital Co. LLC*, 546 F.3d 365, 369 (6th Cir. 2008) (Moore, J. concurring) (citing *Security Watch, Inc. v. Sentinel Sys. Inc.*, 176 F.3d 369, 371, 374–76 (6th Cir. 1999) (affirming dismissal pursuant to unspecified subsection of Rule 12(b) to enforce a forum-selection clause)).

Here, Defendant THC moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and Plaintiffs' response is void of any argument regarding venue or the forum-selection clause. The Plaintiffs' Complaint is a "dispute" concerning the Settlement Agreement, and thus the forum-selection clause applies. The forum-selection clause is clear and unambiguous and was agreed to by parties represented by counsel. The forum-selection clause is not unreasonable or unjust and was not the product of fraud. The Plaintiffs raise no argument as to why the forum-selection clause should not be enforced, and this Court sees no reason not to enforce it. The Plaintiffs and the Defendant have been litigating in courts across the country for almost four years, and are

4

presently litigating in the proper venue. In the Maryland Civil Action, the current Plaintiffs' filed

an answer on February 17, 2011. The Plaintiffs should have raised their objection to the

jurisdiction of the bankruptcy court in the Maryland Civil Action.

Therefore, it is ORDERED that the Defendant's motion to dismiss [DE 12 & 13] is

GRANTED and the Plaintiffs' motion for judgment on the pleadings is MOOT. The matter is

STRICKEN from the active docket.

Dated this 5th day of December, 2011.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**